UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FLICK-SCRIPPS, LLC,**

    **Plaintiff,**

v.                                                                Case No.  8:11-cv-774-T-30TGW

**AMERICAN VEHICLE INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 7), Plaintiff's Response in opposition (Dkt. 9), and Defendant's Reply (Dkt. 13).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted and this case dismissed for lack of subject matter jurisdiction.

## DISCUSSION

Defendant argues, in part, that Plaintiff's complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court does not have subject matter jurisdiction.  The Court agrees that this case must be dismissed because Plaintiff's claims do not assert a federal question.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994);

*Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen,* 511 U.S. at 377.

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) challenges the subject matter jurisdiction of the court. In order to establish a claim in federal court, the plaintiff must establish complete diversity of citizenship and an amount in controversy exceeding $75,000 (28 U.S.C. §1332) or raise a question of federal law (28 U.S.C. §1331). *Spring Air Intern., LLC v. R.T.G. Furniture Corp.*, 2010 WL 4117627, at *1 (M.D. Fla. Oct. 19, 2010). It is undisputed that the parties here are not diverse. Thus, the only basis for the Court's jurisdiction is under 28 U.S.C. §1331, i.e., Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff's complaint alleges four causes of action against Defendant: (1) breach of insurance contract; (2) unlawful interference with business opportunities; (3) quantum meruit - unjust enrichment; and (4) fraudulent misrepresentation. As Defendant points out in its motion and reply, it is clear on the face of the complaint that these claims arise under state law, not federal law.

Although not a model of clarity, Plaintiff's response seems to argue that the Court has federal jurisdiction because the impetus for Plaintiff's claims against Defendant relate to a violation of the Environmental Protection Act ("EPA") and subsequent fine. However, a plain reading of the complaint makes it clear that the alleged EPA violations have no substantive relation to the state-law claims against Defendant. In other words, Plaintiff is not

contending that the EPA fine was unlawful or that Defendant's actions violated the EPA or any other federal law. Rather, Plaintiff alleges that certain EPA regulations were violated regarding the removal of asbestos, Plaintiff was fined for said violations, and Defendant should have paid the fine and additional costs incurred as a result of the fine because Plaintiff was an additional insured under an insurance policy Defendant issued. These claims involve bedrock state-law principles, such as breach of contract, and do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 7) is GRANTED and this case is hereby dismissed for lack of subject matter jurisdiction.

2. The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-774.mtdismiss7.frm

---

[1] Indeed, Count I of Plaintiff's complaint states "Defendant has denied responsibility for Plaintiff's claim as an 'also named insured' and has refused to honor same. This is a material breach of Defendant's contract obligations to the direct detriment of Plaintiff." (Dkt. 1).